**LAW OFFICES OF**
**O'KEKE & ASSOCIATES, P.C.**
801 Franklin Avenue
Brooklyn, New York 11238
Phone: (718) 855-9595
Attorneys for plaintiff

---------------------------------------x--------------------------------

GABRIEL THOMPSON :UNITED STATES DISTRICT COURT
:EASTERN DISTRICT OF NEW YORK
     Plaintiff(s), :
                             : CASE No.:
  against     GARAUFIS, J. :
                             : CIVIL ACTION

THE CITY OF NEW YORK, POLLAK, M.J
JANE DOE 1-5 : **COMPLAINT**
                             :
                             : PLAINTIFF DEMANDS
                             : TRIAL BY JURY

     Defendant(s). :
---------------------------------------x--------------------------------

TAKE NOTICE, the Plaintiff, Gabriel Thompson, hereby appears in this action by his attorney, The Law Offices of O'keke & Associates, P.C., and demand that all papers be served upon them, at the address below, in this matter.

Plaintiff, Gabriel Thompson, by his attorney, O'keke & Associates, P.C., complaining of the defendants, The City of New York, John Doe and Jane Doe,1-10 collectively referred to as the Defendants, upon information and belief alleges as follows:

**NATURE OF THE ACTION**

1. This is an action at law to redress the deprivation of rights secured to the plaintiff under color of statute, ordinance, regulation, custom, and or to redress the deprivation of rights, privileges, and immunities secured to the plaintiff by the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. § 1983 [and § 1985], [and arising under the law and statutes of the State of New York].

2. This is an action to further seek compensation for the serious and permanent personal injuries sustained by the plaintiff, as a result of the negligence of the defendants, perpetrated while said defendant police officers were in the process of illegally and unlawfully arresting plaintiff.

## JURISDICTION

3. The jurisdiction of this Court is invoked under 28 U.S.C. §1343(3), this being an action authorized by law to redress the deprivation of rights secured under color of state and city law, statute, ordinance, regulation, custom and usage of a right, privilege and immunity secured to the plaintiff by the Fourteenth Amendment to the Constitution of the United States. Jurisdiction of this court exists pursuant to 42 USC §1983 and under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

4. All causes of action not relying exclusively on the aforementioned federal causes of action as a basis of this Court's jurisdiction are based on the Court's supplemental jurisdiction pursuant to 28 U.S.C. §1367 to hear state law causes of action. The events, parties, transactions, and injuries that form the basis of plaintiff's federal claims are identical to the events, parties, transactions, and injuries that form the basis of plaintiff's claims under applicable State and City laws.

5. As the deprivation of rights complained of herein occurred within the Eastern District of New York, venue is proper in this district pursuant to 28 U.S.C. §§1391 (b) and (c).

## PARTIES

6. Plaintiff resides in Brooklyn, New York, and is a resident of the County of Kings, City and State of New York.

7. Defendants John Doe and Jane Doe, 1-5, are all unknown New York Police Department police officers and or employees or agents, employed by the City of New York under the 75th Precinct of New York Police Department.

8. Defendant Officers are all being sued in both their

Thompson, Gabriel/Complaint

individual and official capacity.

9. The Defendant, City of New York is a municipality in the State of New York and employs the Defendants Police Officers.

## FACTUAL ALLEGATIONS COMMON
## TO ALL CAUSES OF ACTION

10. On or about July 8, 2011, the defendant officers, unlawfully arrested the plaintiff and charged him with 'PL140.20' "Burglary in the Third Degree", amongst other charges. All Charges were subsequently dismissed against the plaintiff.

11. Prior to and after effecting the unlawful arrest against the plaintiff, plaintiff was on his way to go pick up his son, when he was approached by the defendant officers, one of the defendant officers dressed in plain clothes with no form of exposed identification, stepped to the plaintiff and asked plaintiff to step aside. Plaintiff complied and the defendant officer immediately told the plaintiff to turn around and then started searching plaintiff, while at the same time asking plaintiff if plaintiff had any weapons and or contraband on his possession. After searching the plaintiff, defendant officer then placed handcuffs on the plaintiff and walked plaintiff over to an unmarked police car. All along the way, the plaintiff repeatedly asked the defendant officer why he was being arrested and if he could call he's son's babysitter as they would be waiting for plaintiff. The defendant officer ignored plaintiff's requests, while forcefully shoving the plaintiff into the police car. Thereafter plaintiff was transported to the 75th Precinct.

12. That once at the 75th precinct, the plaintiff was pedigreed and the placed in a cell, were he was kept for several hours with no food, no drink, and no explanation on why he had been arrested and or detained. The following morning the plaintiff was handcuffed again, placed in a police van and transported to the Kings County Criminal Court Central Bookings Division and placed in a holding pen, where plaintiff was again held for approximately two days without any food, drink or access to call and inform his family members of his whereabouts. Throughout the plaintiff's ordeal for over two days, he was hardly given any food, drink and no explanation of why he had been arrested.

After about two and a half days at the Central Bookings, the plaintiff was brought before a judge of the criminal court and the case was adjourned to later date. After a couple more court appearances, the entire case was dismissed.

13. That as a result of the defendant officers actions, plaintiff was arrested, detained and imprisoned for over two days without any explanation or reason.

14. Plaintiff was unlawfully arrested, detained and imprisoned by the defendant officers without any just cause and as a direct result of the defendant officers unlawful actions, plaintiff remains petrified, emotional distressed and suffers frequently from nightmares, panic attacks, mental anguish and unwarranted severe anger bouts.

15. That even though the defendant police officers knew, or should have known based on the facts that no crime had been committed by the plaintiff, they still proceeded to arrest plaintiff, detain and imprison plaintiff just to intimidate plaintiff.

16. At no time did plaintiff commit any offense against the laws of New York City and or State for which an arrest may be lawfully made. At no time did the plaintiff act against or in violation of the laws of New York State, or commit any illegal acts, or engage in any conduct which in any way justified the brutal and unlawful actions of the defendants.

17. As a direct and proximate result of defendants' actions, plaintiff suffered and continues to suffer injuries, including but not limited to, emotional distress, nightmares, panic attacks, mental anguish and unwarranted severe anger bouts, some or all of which may be permanent.

18. The unlawful arrest, wrongful imprisonment and assault of plaintiff, because of defendants' knowledge of a lack of any legitimate cause or justification, were intentional, malicious, reckless and in bad faith.

19. As a direct and proximate result of defendants' actions, plaintiff suffered and continues to suffer, emotional distress, nightmares, panic attacks, mental anguish and unwarranted severe anger bouts, some or all of which may be permanent.

20. As a direct and proximate result of her unlawful detention, assault and confinement, Plaintiff has lived in terror of her attack, she continues to suffer from emotional distress, nightmares, panic attacks, mental anguish and unwarranted severe anger bouts, is fearful of going outside and when she sees the police, she suffers various emotional attacks, in addition, she has been unable to function normally which has caused severe strains and breakdown in his personal relationships, in and outside of his home.

21. As a direct and proximate result of defendant's actions, plaintiff was assaulted, arrested, and detained without just or probable cause.

22. As a direct and proximate result of defendants' actions, plaintiff was deprived of rights, privileges and immunities under the Fourth and Fourteenth Amendments to the United States Constitution and the laws of the City of New York and the State of New York.

23. Defendant City of New York, as a matter of policy and practice, has with deliberate indifference failed to properly sanction or discipline police officers, correction officers and other city employees including the defendants in this case, for violations of the constitutional rights of citizens, thereby causing the defendant officers and city employees including defendants in this case, to engage in unlawful conduct.

24. Defendant City of New York, as a matter of policy and practice, has with deliberate indifference failed to sanction or discipline police officers including the defendants in this case, who are aware of and subsequently conceal violations of the constitutional rights of citizens by other police officers thereby causing and encouraging police officers including defendants in this case, to engage in unlawful conduct.

25. The actions of defendants, acting under color of State law, deprived plaintiffs of their rights, privileges and immunities under the laws and Constitution of the United States; in particular, the rights to be secure in his person and property, to be free from the excessive use of force and from malicious prosecution, abuse of process, and the right to due process.

26. By these actions, defendants have deprived plaintiff of rights secured by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. Section 1983.

27. Plaintiff continues to suffer physically and emotionally due to the actions of the defendants.

28. This action has been commenced within one year and ninety days of the event upon which the claim is based.

## **AS A FIRST CAUSE OF ACTION:**

42 U.S.C Section 1983-against Defendants Officers

29. Plaintiff hereby restates paragraphs 1-28 of this complaint, as though fully set forth below

30. By detaining and imprisoning the plaintiff without justification, probable cause or reasonable suspicion, using excessive force and assaulting them, the Defendant Officers, deprived Plaintiff of rights, remedies, privileges, and immunities guaranteed to every citizen of the United States, in violation of 42 U.S.C. Section 1933, including, but not limited to, rights guaranteed by the Fourth and Fourteenth Amendments of the United States Constitution.

31. In addition, the Defendant officers named and unnamed conspired among themselves to deprive plaintiff of his constitutional rights secured by 42 U.S.C. Section 1933, and by the Fourth and Fourteenth Amendments to United States Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

32. The Defendant Officers named and unnamed acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD Officers. Said acts by the Defendant Officers named and unnamed were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said Defendants acted willfully, knowingly, and with the specific intent to deprive the Plaintiffs of their constitutional rights secured by 42 U.S.C. Section 1983, and by the Fourth and Fourteenth

Amendments to the United States Constitution.

33. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages herein before stated.

## **AS A SECOND CAUSE OF ACTION:**

New York State Constitution, Art. 1 Section 12

34. Plaintiff hereby restates paragraph 1-33 of this complaint, as though fully set forth below

35. By detaining and imprisoning the plaintiff without probable cause or reasonable suspicion, using excessive force, and assaulting them, the Defendant Officers deprived Plaintiff of rights, remedies, privileges, and immunities guaranteed to every New Yorker by Article 1, Section 12 of the New York Constitution.

36. In addition, the Defendant officers conspired among themselves to deprive plaintiff of his constitutional rights secured by Article 1, Section 12 of the New York Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

37. The Defendants Officers acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD Officers. Said acts by the Defendants Officers were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said Defendants acted willfully, knowingly, and with the specific intent to deprive the Plaintiff of his constitutional rights secured by Article 1, Section 12 of the New York Constitution.

38. Defendants, their officers, attorneys, agents, servants and employees were responsible for Plaintiff's deprivation of his state constitutional rights. Defendant City, as employer of each of the Officer Defendants, is responsible for their wrongdoing under the doctrine of respondeat superior.

39. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages herein-before alleged.

## AS A THIRD CAUSE OF ACTION:

False Arrest and False Imprisonment--all defendants

40. Plaintiff hereby restates paragraph 1-39 of this complaint, as though fully set forth below

41. The Defendant Officers named and unnamed wrongfully and illegally detained, and imprisoned the Plaintiff.

42. The wrongful arrest and imprisonment of the Plaintiff was carried out without a valid warrant, without Plaintiff's consent, and without probable cause or reasonable suspicion.

43. At all relevant times, the Defendant Officers named and unnamed acted forcibly in apprehending, detailing, and imprisoning the Plaintiffs.

44. During this period, the Plaintiff was unlawfully and wrongfully assaulted, harassed, detained, and threatened.

45. Throughout this period, the Plaintiff was unlawfully, wrongfully, and unjustifiably detained, deprived of his liberty, and imprisoned.

46. All of the foregoing occurred without any fault or provocation on the part of the Plaintiff.

47. Defendants, their officers, agents, servants, and employees were responsible for plaintiffs' detention and imprisonment during this period of time. Defendant City of New York, as employer of the Officers Defendants, is responsible for their wrongdoing under the <u>doctrine of respondeat superior</u>.

48. The Defendant Officers named and unnamed acted with a knowing, willful, wanton, grossly reckless, unlawful, unreasonable, unconscionable, and flagrant disregard of the Plaintiffs' rights, privileges, welfare, and well-being and are guilty of egregious and gross misconduct toward Plaintiff.

49. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages herein-before stated.

## AS A FOURTH CAUSE OF ACTION:

Negligent Infliction of Emotional Distress-all Defendants

50. The Plaintiff hereby restates paragraph 1-49 of this complaint, as though fully set forth below.

51. The Defendant Officers named and unnamed engaged in extreme and outrageous conduct, intentionally and recklessly causing severe emotional distress to plaintiffs.

52. Plaintiff's emotional distress has damaged his personal and professional live because of the severe mental pain and anguish which was inflicted through deliberate and malicious detention and imprisonment by the Defendants Officers.

53. Defendants, their officers, agents' servants, and employees were responsible for the intentional infliction of emotional distress suffered by the Plaintiffs at the hands of the Defendant Officers named and unnamed, defendant City of New York, as employer of the Officers, is responsible for their wrongdoing under the <u>doctrine of respondeat superior</u>.

54. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiffs sustained the damages herein-before stated.

## AS A FIFTH CAUSE OF ACTION:

Negligent Retention of Employment Services-against defendant City of New York.

55. Plaintiff hereby restates paragraph 1-54 of this Complaint, as though fully set forth below.

56. Upon information and belief, Defendant City of New York, through the NYPD, owed a duty of care to plaintiff to prevent the physical and mental abuse sustained by plaintiffs.

57. Upon information and belief, Defendant City of New York, through the NYPD owed a duty of care to plaintiff because

9

Thompson, Gabriel/Complaint

under the same or similar circumstances a reasonable, prudent and careful person should have anticipated that an injury to plaintiff or to those in a like situation would probably result from this conduct.

58. Upon information and belief, Defendant City of New York, knew or should have known through the exercise of reasonable diligence that the Defendant Officers were not prudent and were potentially dangerous.

59. Upon information and belief, Defendant City of New York, negligence in hiring and retaining the Defendant officers proximately caused Plaintiff's injuries.

60. Upon information and belief, because of the defendant's City of New York, negligent hiring and retention of the aforementioned Defendant Officers, Plaintiff incurred significant and lasting injuries.

**WHEREFORE**, plaintiffs respectfully requests judgment against the Defendants as follows:

1. On the First Cause of Action against all the defendants, compensatory and punitive damages in an amount to be determined at trial, and reasonable attorneys' fees and costs under 42 U.S.C. Section 1988;

2. On the Second Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, and punitive damages against the Officers Defendants in an amount to be determined at trial;

3. On the Third Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, punitive damages against the Officers Defendants in an amount to be determined at trial;

4. On the Fourth Cause of Action, against all Defendants, compensatory damages in an amount to be determined at

trial, punitive damages against the Officers Defendants in an amount to be determined at trial;

5. On the Fifth Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, punitive damages against the Officers Defendants in an amount to be determined at trial;

6. Such other and further relief as this Court may deem necessary in the interest of justice.

Dated: July 10, 2012
       Brooklyn, New York

O'keke& Associates, PC.

Patrick O'keke, Esq. (PO-2861)
Attorney for Plaintiffs
255 Livingston Street
Brooklyn, New York 11217
Tel. (718) 855-9595